UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELBERT COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01166-SEB-MJD |
| | ) | |
| DOUGLAS HANNOY, FEIWELL AND HANNOY DEBT COLLECTOR, NICK'S PACKAGING SERVICES, INC., and SPECIALIZED LOAN SERVICERS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on the Motions to Dismiss [Docket Nos. 16, 20, and 21] filed by Defendants Specialized Loan Servicing ("SLS"); Douglas Hannoy ("Hannoy"); and Feiwell and Hannoy Debt Collector ("Feiwell"), respectively, for lack of subject matter jurisdiction and, alternatively, for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Elbert Coleman ("Coleman") initiated litigation in this Court alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by carrying out the terms of a January 2015 foreclosure judgment issued by the Marion Superior Court [Dkt. No. 1 ("Compl.")]. Coleman seeks to recover for his monetary damages and an award of costs. Defendants maintain that Coleman is ineligible to receive the relief he seeks

1

without contesting the validity of the Indiana state court judgment, which challenge is prohibited by the *Rooker-Feldman* doctrine.[1] Consequently, Defendants claim that this Court lacks subject- matter jurisdiction over this action. Additionally, Defendants argue that, even if this Court has jurisdiction over Coleman's claims, they should be dismissed because the complaint fails to state a valid claim for relief under the FDCPA. For the reasons detailed in this entry, we <u>GRANT</u> Defendants' motion to dismiss without prejudice based on a lack of subject-matter jurisdiction.[2]

## **Factual Background**

In July 2010, JP Morgan Chase, N.S. ("Chase") filed a mortgage foreclosure complaint against Michael A. Wilson, the alleged maker of a note and grantor of a mortgage securing that note against real property located at 6743 Bluffgrove Drive, Indianapolis, Indiana 46278. Dkt. No. 17, Ex. B. Chase amended its foreclosure complaint on August 31, 2012, naming Coleman as a defendant and seeking to require him to account for his interest in a land contract relating to the same parcel that had been recorded on February 12, 2010. *Id*., Ex. A at para. 46. On November 21, 2012, Coleman moved to dismiss the foreclosure action, arguing that Chase could not enforce the note or

---

[1] The doctrine takes its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As discussed more fully, *infra*, this doctrine forecloses federal district court jurisdiction over challenges to state court decisions.

[2] Because we dismiss Coleman's claims for lack of subject-matter jurisdiction, we need not address Defendants' alternative argument that the action must be dismissed for failure to state a claim under the FDCPA.

mortgage executed by Wilson. *Id.*, Ex. C. After the denial of Coleman's motion to dismiss and his subsequent motion to set aside the order granting dismissal, Coleman filed a notice of appeal in April 2012. *Id.*, Ex. E. That appeal was dismissed with prejudice on July 12, 2013. *Id.*

On April 16, 2014, after the complaint went unanswered, the Marion Superior Court granted default judgment against Coleman, ruling that Chase's mortgage lien was superior to any interest or claim asserted by Coleman. Dkt. No. 17, Ex. F. Coleman made two attempts to set aside the default judgment and was unsuccessful in both. *Id.*, Ex. G.

On January 7, 2015, summary judgment was granted by the state court in favor of U.S. Bank and sale of the property was ordered.[3] *Id.*, Ex. H. The foreclosure judgment directed the Sheriff of Marion County, following a sheriff's sale of the mortgaged property, to vacate the subject property and give full and peaceful possession thereof to the purchasers. *Id.* Coleman sought reconsideration of this order as well, which motion was denied on January 27, 2015. *Id.*, Ex. I. Coleman appealed the foreclosure judgment, and his appeal was dismissed with prejudice on October 2, 2015. *Id.*, Ex. K (Appellate CCS).

The subject property was sold to U.S. Bank at the sheriff's sale on July 28, 2016. *Id.* at Ex. L. The following day, on July 29, 2016, the Marion Superior Court denied Coleman's motion for an emergency restraining order. *Id.*, Ex. M. The Court issued a Writ of Assistance to U.S. Bank on September 16, 2016, and ordered the Marion County

---

[3] U.S. Bank as Trustee for J.P. Morgan Alternative Loan Trust 2007-S1 ("U.S. Bank") was substituted for Chase as the plaintiff on November 3, 2014. E. B at 12.

3

Sheriff to enter the property and eject or remove anyone on the premises. *Id*., Ex. N. Coleman filed eight motions thereafter asking the Court to stay or set aside the writ of possession, the sheriff and the foreclosure judgment, all of which were denied. *Id*., Ex. O. Coleman filed another appeal, which was dismissed on May 30, 2017. *Id*., Ex. P.

On April 13, 2017, Coleman initiated the litigation before us alleging that "all defendants committed fraud by allowing fraudulent documents to enter the court, for which they knew or should have known the documents were fraudulent." Compl. at 6, para. 19. Coleman maintains that Chase Bank and U.S. Bank National Association did not "have legal standing to foreclose on [his] property" because the mortgage had been fully satisfied and was not subject to foreclosure. Compl. at 3, paras. 6-15. He cites the parties' reliance on "robo-signing, fraudulent documents, and fraudulent signatures" to challenge the validity of the assignment of the subject mortgage as well as the sheriff's sale. *Id*. at para. 25.

Coleman does not identify the specific communication(s) that he claims allegedly violated the FDCPA. Instead, he contends that Defendants Hannoy, Feiwell (the debt collection company), and SLS (the loan servicer), each violated the FDCPA by "attempting to collect a debt that [Coleman] does not owe, in violation of 15 U.S.C. § 1692d; [f]alsely representing the amount and legal status of a debt, in violation of 15 U.S.C. §1692e; and attempting to collect an amount not expressly authorized by an agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f." Compl. at 10-11, paras. 2-3. Coleman faults Defendant SLS for initiating the foreclosure action, and Nick's Packing for removing Coleman's belongings from the property. Compl., paras. 16-17, 28.

4

On June 19, 2017, Defendant SLS filed a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. Pro.12(b)(1) based on the *Rooker-Feldman* doctrine and under Fed. R. Civ. Pro.12(b)(6), arguing that collateral estoppel applied. Dkt. No. 16. Defendants Hannoy and Feiwell filed their own separate motions to dismiss on June 26, 2017. Dkt. Nos. 20 and 21. Defendant Nick's Packaging has declined to respond. On July 18, 2017, Coleman responded, arguing that the *Rooker-Feldman* doctrine "has an exception for fraud," and thus does not apply to this case. Dkt. No. 26. The motions are fully briefed and ripe for ruling.

### Legal Analysis

I. **Legal Standards**

**A. Standard under Rule 12(b)(1)**

The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte*. *See* Fed. R. Civ. Pro. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See*

*Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

An additional consideration informs our review here. Because Coleman filed his complaint *pro se*, without the assistance of counsel, we construe its contents with still greater liberality than that normally afforded to plaintiffs. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998)).

### B. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries, Corp*., 544 U.S. 280, 284 (2005)). Only the United States Supreme Court has jurisdiction to correct state court judgments; thus, federal district courts may not review and reject such rulings. *Feldman*, 460 U.S. at 482. Any relief from an adverse decision in state court "must be pursued through the state appellate system (with the option of seeking certiorari from a final judgment)." *Mannix v. Machnik*, 2007 WL 1958633, at *2 (7th Cir. 2007). If a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case." *Exxon Mobile Corp.*, 544 U.S. at 284; *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). This is true regardless of the soundness of the state court decision, as "the federal courts lack subject matter jurisdiction even if the state court

6

judgment was erroneous or unconstitutional." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

The *Rooker-Feldman* doctrine applies both to claims that were raised in the state tribunal as well as claims that, although not explicitly raised in the state forum, are inextricably intertwined with state court determinations. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003); *Long*, 182 F.3d at 554. Whenever success in the federal forum would require the court to overturn a prior state court judgment, the subsequent federal litigation is "inextricably intertwined" with the state court's ruling. 320 F.3d at 759. In assessing the applicability of the *Rooker-Feldman* doctrine, therefore, the central inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996).

## II. Discussion

The FDCPA regulates the manner in which debt collection may be undertaken. Specifically, the FDCPA prohibits a debt collector from making false, deceptive, or misleading representations in connection with the collection of any debt. *Id.* § 1692(e). According to Coleman, Defendants committed fraud against him and against the state court in violation of the FDCPA "by allowing fraudulent documents to enter the court" in connection with the foreclosure of the mortgage and note. Compl. at 5, paras. 16-17. Defendants Hannoy, Feiwell, and SLS each argues that, rather than advancing any cognizable claims under the FDCPA, this lawsuit does not refer to the collection of a debt

7

as such, but is nothing more than a last ditch effort by Coleman to overturn the foreclosure judgment entered by the Marion Superior Court in 2015. *See* Dkt. No. 17 at 6-9; Dkt. No. 22 at 7-8; and Dkt. No. 23 at 7-8. SLS also contends that Coleman's situation is indistinguishable from that of plaintiff in *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017), in which case the Seventh Circuit held that because plaintiff's request for relief could not be sustained without disregarding or effectively vacating the state court's foreclosure judgment, which would be incompatible with the *Rooker-Feldman* doctrine, dismissal was required. Dkt. No. 27 at 2. Coleman rejoins that he is not alleging any legal error by the state court, rather a "fraud in the procurement of a judgment," which, he insists, is an independent claim not barred by *Rooker-Feldman*. Dkt. No. 26 at 3-4. This claim, however, clearly attacks the outcome of the state court judgment, not just the process by which it was procured; as SLS aptly characterizes it, it is a "regurgitation" of his original complaint making dismissal appropriate because Coleman's claims "rest on the premise that the foreclosure judgment is invalid." Dkt. No. 27 at 2. Further, Coleman has not addressed "how he can obtain the relief he seeks without our court improperly upsetting and invalidating the foreclosure judgment issued by the Marion Superior Court." *Id*.

     The facts and issues before us are closely related to two cases previously ruled upon by the Seventh Circuit: *Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014), and *Mains*, 852 F.3d at 669. In *Harold*, a Marion County, Indiana small claims court entered an agreed upon judgment against the plaintiff, who nonetheless failed to pay the judgment. *Id*. at 885. Subsequently, defendant, who represented the judgment creditor, sought a

garnishment of plaintiff's wages. *Id*. Plaintiff moved to vacate the garnishment, claiming that defendant had misrepresented the identity of the judgment creditor. *Id*. The state court disagreed, prompting the filing of a federal suit by plaintiff under the FDCPA, section 1692e, which alleged that defendant and his law firm had made false statements in conjunction with securing the garnishment order. *Id*. The Court of Appeals upheld the district court's dismissal for lack of subject-matter jurisdiction on the ground that the *Rooker-Feldman* doctrine barred the lawsuit. *Id*.

The Court of Appeals compared plaintiff's case to *Epps v. Creditnet*, Inc., 320 F.3d 756 (7th Cir. 2003), in which the *Rooker-Feldman* doctrine was held to preclude federal litigation based on a theory a liability against a debt collector who had made false statements during the course of a state litigation. *Id*. at 885. The Court of Appeals rejected plaintiff's argument that his claim in federal court (based on the false statements) was independent of the state court's decision and thus did not implicate *Rooker-Feldman*. *Id.* Acknowledging that there are some situations in which a defendant's violation of a federal statute during ongoing state-court litigation might cause an injury independent of the outcome of the litigation, the Court of Appeals explained that no injury occurred in the *Harold* case until the state court entered its judgment against plaintiff. *Id*. at 886. The Court of Appeals ruled in *Harold* that plaintiff's apparent belief that the *Rooker-Feldman* doctrine does not apply to the process followed by state courts in reaching decisions or the evidence considered by state court judges is contradicted by the *Rooker* decision itself, noting that the FDCPA "does not even hint that federal courts have been authorized

to monitor how debt-collection litigation is handled in state courts." *Id*. at 877. This reasoning applies equally in the case before us brought by Coleman.

More recently, the Court of Appeals considered *Mains*, 852 F.3d at 669, a holding with which this judge is quite familiar, involving an action against a mortagee and others in connection with an allegedly wrong foreclosure and violations of the FDCPA and other federal statutes. *Mains*, 852 F.3d at 674. Plaintiff in *Mains* filed a lengthy complaint, setting forth one, overarching argument, not unlike the case under review here. *Mains*, 852 F.3d at 676 ("Reading through the verbiage of Mains's filings, we are left with the impression that the foundation of the present suit is his allegation that the state court's foreclosure judgment was in error because it rested on a fraud perpetrated by the defendants"). The Seventh Circuit applied in *Mains* the holding in *Harold*, 773 F.3d at 886-87, finding that claims "dependent upon and interwoven with the state court litigation" are barred by the *Rooker-Feldman* doctrine; plaintiff's claim pursuant to the Racketeer Influenced and Corrupt Organizations Act was accordingly dismissed. 852 F.3d at 677. The Court of Appeals also rejected Mains's arguments that the defendants had violated FDCPA section 1692p by using false, deceptive, or misleading representations or means to collect money and attempt to seize his property. *Id*. Plaintiff's arguments that Chase Bank and others had injured him prior to and in connection with the entry of the state court decision were viewed as dependent on the state court determination that Chase was authorized to collect arrears from Mains. *Id*. Accordingly, Mains could not obtain the relief he sought without setting aside the foreclosure judgment, and the claim was therefore precluded by the *Rooker-Feldman* doctrine. *Id*.

The opinions in *Harold*, 773 F.3d 884, and *Mains*, 852 F.3d 669 at 676, aids us in our analysis of this case. A thorough review of Coleman's complaint and response to Defendants' motions convinces us that he, like those plaintiffs, is essentially asking this court to invalidate the numerous judgments and orders issued by the Marion Superior Court and the Indiana Court of Appeals. Indeed, Coleman opens his pleading with the following:

> This petitioner states that Chase Bank and US Bank National Association, [do] not have legal standing to foreclose on petitioner's Property, for which in order to foreclose on a mortgage requires an action upon an unsatisfied mortgage.

Compl. at 3, para. 6. It is clear that Coleman's view is that any actions emanating from the foreclosure action in state court were also wrongful. *See* Compl. at 5, paras. 16-17. The *Rooker-Feldman* doctrine ordinarily would apply to deprive us of jurisdiction over Coleman's complaint. Yet because it is possible for a plaintiff to assert some claims that would be barred by the *Rooker-Feldman* doctrine, while other claims would not be barred for an injury independent of the state-court judgment that the state court failed to remedy, our review must search to see if any such claims have been presented here. *See, e.g., Richardson v. Koch Law Firm*, PC, 768 F.3d 732, 733 (7th Cir. 2014). We have determined in conducting that review that Coleman has failed to raise such a claim.

The only argument Coleman advances here is the challenge to the state court's foreclosure judgment claiming it was the result of a fraud perpetrated by the defendants. Compl. at 10, paras. 16-17. The Court of Appeals has specifically rejected this same argument made in *Mains*, 852 F.3d at 676, explaining that a resolution of that issue

involves an impermissible exercise of *de facto* appellate jurisdiction: "If we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment." Accordingly, Coleman's claim must be dismissed for lack of subject-matter jurisdiction because, the *Rooker-Feldman* doctrine is "concerned not with why a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with which federal court is authorized to intervene." *Iqbal*, 780 F.3d at 729.

The Court of Appeals held in *Mains* that the remedy available to a plaintiff under these circumstances rests with the state court. *See* Mains, 852 F.3d at 676 ("Indiana allows a party to file for relief from judgment based on newly discovered evidence or on the fraud or misrepresentation of an adverse party, either through a motion or through an independent action.") (citing Ind. R. Trial P. 60(B)). The *Mains* Court also noted that when the *Rooker-Feldman* doctrine applies, a dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is entered without prejudice. *Mains*, 852 F.3d at 678 (citing *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004)). Therefore, Coleman's claim against Defendants shall be dismissed without prejudice for lack of subject-matter jurisdiction.

For these reasons, Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1) are <u>GRANTED</u> without prejudice. Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) are <u>DENIED</u> as moot.

IT IS SO ORDERED.

Date: _____2/2/2018_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ELBERT COLEMAN
6743 Bluffgrove Drive
Indianapolis, IN 46278-1868

Neal F. Bailen
STITES & HARBISON, LLP (Jeffersonville)
nbailen@stites.com

Lee F. Baker
NATIONWIDE MUTUAL INSURANCE COMPANY TRIAL DIVISION
bakeL5@nationwide.com

Bryan Keith Redmond
FEIWELL & HANNOY, P.C.
bredmond@feiwellhannoy.com